O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. VOLIS,<br><br>                Plaintiff,<br><br>   v.<br><br>HOUSING AUTHORITY OF THE<br>CITY OF LOS ANGELES (HACLA);<br>DOUGLAS GUTHRIE, Executive<br>Director; PETER LYNN,<br>Section 8 Director; ANGELA<br>ADAMS, Section 8 Assistant<br>Director; JOSEPH NGUYEN,<br>Section 8 Manager; JOHN<br>KING, 504 Coordinator;<br>BLANCA MACRIS, Risk Manager;<br>SANDRA CHAVEZ, Section 8<br>Adviser,<br><br>                Defendants. | Case No. CV 14-08747 DDP (VBKx)<br><br>**ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>[Dkt. 10] |

Presently before the court is Defendants' Motion to Dismiss. Having considered the submissions of the parties and heard oral argument, the court denies the motion, without prejudice, and adopts the following Order.

///

///

**I.   Background**

Pro se Plaintiff Richard Volis ("Volis") is a disabled person as defined under the Americans with Disabilities Act.  (Complaint ¶ 3.) [1]

Much of the parties' discussion of the facts of this case is drawn from sources outside the pleadings.  At this stage, the court focuses on Plaintiff's Complaint.  Plaintiff alleges that on June 1, 2013, he made a request for a Reasonable Accommodation for an Exception Payment Standard ("higher rent subsidy") to Defendant Sandra Chavez.  (Complaint ¶ 18.)   Housing Authority of the City of Los Angeles ("HACLA") employees later claimed, however, that they misplaced Plaintiff's request.  (Compl. ¶ 35.) Plaintiff alleges he received a call from Defendant Nguyen on June 10 asking Plaintiff to visit a HACLA office to file another Request for Reasonable Accommodation of an Exceptional Payment Standard. (Id.)  On September 25, 2013, Defendant Nguyen denied Plaintiff's request for Reasonable Accommodation for an Exception Payment Standard. (Complaint ¶ 36.)

On June 16, Plaintiff requested an extension of the term of his Section 8 housing voucher.  (Compl. ¶ 25.)   Plaintiff received a "final 30-day extension for the Section 8 voucher."  (Id. ¶ 26.)

---

[1] This is the second federal lawsuit filed by Mr. Volis against HACLA and its employees. The crux of the first lawsuit was an allegation that HACLA falsified an inspection report that found Volis' rental unit to be habitable and, as a consequence, allowed the landlord of the unit to increase the Plaintiff's rent.  See CV 13-01397-MMM (Dkt. 3.)  Another judge of this court granted HACLA's Motion to Dismiss.  (Dkt. 115.)  Plaintiff's appeal of that order remains pending.

2

1  HACLA allegedly "terminated" Plaintiff's voucher on July 19, 2014.
2  (Id. ¶ 28.)
3      Plaintiff's Complaint appears to allege that Defendants'
4  denial of his request for a higher rent subsidy and refusal to
5  extend his Section 8 housing voucher to allow him sufficient time
6  to find a suitable dwelling that would accommodate his disabilities
7  and accept his emotional support animals violates the Americans
8  with Disabilities Act and the Rehabilitation Act, although the
9  Complaint also alleges causes of action for retaliation,
10 conspiracy, and obstruction of justice.  Defendants now move to
11 dismiss.

**II.  Legal Standard**

13     A complaint will survive a motion to dismiss when it contains
14 "sufficient factual matter, accepted as true, to state a claim to
15 relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.
16 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,
17 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must
18 "accept as true all allegations of material fact and must construe
19 those facts in the light most favorable to the plaintiff." Resnick
20 v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint
21 need not include "detailed factual allegations," it must offer
22 "more than an unadorned, the-defendant-unlawfully-harmed-me
23 accusation."  Iqbal, 556 U.S. at 678.  Conclusory allegations or
24 allegations that are no more than a statement of a legal conclusion
25 "are not entitled to the assumption of truth." Id. at 679.  In
26 other words, a pleading that merely offers "labels and
27 conclusions," a "formulaic recitation of the elements," or "naked
28 assertions" will not be sufficient to state a claim upon which

3

1  relief can be granted.  Id. at 678 (citations and internal
2  quotation marks omitted).
3      "When there are well-pleaded factual allegations, a court should
4  assume their veracity and then determine whether they plausibly
5  give rise to an entitlement of relief." Id. at 679.  Plaintiffs
6  must allege "plausible grounds to infer" that their claims rise
7  "above the speculative level."  Twombly, 550 U.S. at 555.
8  "Determining whether a complaint states a plausible claim for
9  relief" is a "context-specific task that requires the reviewing
10 court to draw on its judicial experience and common sense." Iqbal,
11 556 U.S. at 679.
12 **III. Discussion**
13      A.   Plaintiff's Request for a Higher Subsidy
14       The U.S. Department of Housing and Urban Development's
15 housing choice voucher program uses a Housing Assistance Payments
16 Contract ("HAP") to provide housing assistance to Section 8
17 tenants.  See U.S. Department of Housing and Urban Development,
18 Housing Assistance Payments Contract,
19 https://portal.hud.gov/hudportal/documents/huddoc?id=DOC_11737.pdf
20 The local voucher program is administered by a Public Housing
21 Agency ("PHA"), such as Defendant HACLA.  Id.  The HAP contract is
22 an agreement between the housing agency and the owner of a unit
23 occupied by an assisted family.  Id.  During the HAP contract term,
24 the housing agency will pay housing assistance payments to the
25 owner in accordance with the HAP contract.  If the landlord does
26 not maintain the contract unit in accordance with housing quality
27 standards, the housing authority may exercise any available
28 remedies, including suspension of housing assistance payments,

4

abatement or other reduction of housing assistance payments, and termination of the HAP contract. Id. at 4.

Defendants' main contention with respect to Plaintiff's higher subsidy claim is that no such request could possibly have been granted because at the time Plaintiff made his request, Plaintiff's unit was under abatement due to numerous habitability violations, and was therefore ineligible for subsidies of any kind. (Motion at 8 to 9.) This argument, however, appears to be premised on a disputed issue of fact. Plaintiff asserts that his unit was not under abatement until August, when he received notice of the abatement. Although Defendants suggest that Plaintiff may have taken an inconsistent position in other cases, and that abatement status is not determined by notice to a tenant, Defendants' general request that this court take judicial notice of "the court's files" in Plaintiff's other case against HACLA is not a sufficient basis to overcome the presumptions in Plaintiff's favor at this stage of the proceedings.[2]

    B.   Housing Voucher Extension

The housing choice voucher program is designed to allow families to move without the loss of housing assistance. The initial term of a voucher must be at least 60 calendar days. 24 CFR 982.303(a). A housing agency may, at its discretion, the housing agency may grant one or more extensions of the initial voucher term in accordance with agency policy as described in the

---

[2] Although Defendants also argue that, putting aside the habitability issues, only HUD, and not HACLA, had the discretion to approve Plaintiff's request under 24 CFR § 982.503(c)(2)(1), Defendants do not address Plaintiff's contention that HACLA never submitted his request to HUD. See 24 CFR § 982.503(b)(2).

5

housing agency administrative plan.  24 CFR 982.303(b)(1).  HACLA's general extension policies provide for extensions of no more than 120 days.  HACLA, Section 8 Administrative Plan, docs.hacla.org/library/files/S8_AP_2015_October_2014.pdf at 8.6; 8.10.1.2.
If a family needs and requests an extension of the initial voucher term as a reasonable accommodation, however, the agency must extend the voucher term "up to the term reasonably required for that purpose."  24 CFR 982.303(b)(2).  The thrust of Defendants' contentions regarding Plaintiff's housing voucher claim is that HACLA's refusal to extend Plaintiff's voucher beyond July 2014 could not have been improper because Plaintiff received numerous earlier extensions.

   This argument, too, appears to be based on facts beyond those alleged.  Although the Complaint's sole reference to a voucher extension does refer to a "final" extension in June 2014, suggesting that prior extensions had been granted, it is unclear from the face of the Complaint when Plaintiff first received his voucher or earlier extensions.[3]  Given that uncertainty, and potential factual issues regarding Plaintiff's need for a reasonable accommodation and the potential span of any reasonable time period for purposes of 24 CFR 982.303(b)(2), the court denies Defendants' motion at this juncture.
///
///
///

---

   [3] Defendants assert that Plaintiff received his voucher in December 2013.


**IV.  Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss is denied, without prejudice.[4]

IT IS SO ORDERED.

Dated: September 3, 2015

DEAN D. PREGERSON
United States District Judge

---

[4] Many of Defendants' arguments here might be more appropriately raised in the context of a motion for summary judgment, which Defendants may file if they so choose. Nothing in this Order shall be read to suggest that any such motion, or that Plaintiff's claims, will or will not prove successful. The court encourages both parties to continue to consider a mutually acceptable resolution of this matter.