**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES-GENERAL**

Case No.: **CV 14-8747-DDP (PLAx)**                                                                 Date: **March 30, 2016**

Title:   **Richard J. Volis v. Housing Authority of the City of Los Angeles ("HACLA"), et al.**

---

PRESENT:  THE HONORABLE   **PAUL L. ABRAMS**                ☐ **U.S. DISTRICT JUDGE**
                                                                                                   ☒ **MAGISTRATE JUDGE**

| **Christianna Howard** | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PLAINTIFF:**                          **ATTORNEYS PRESENT FOR DEFENDANT(S):**
                  NONE                                                                                 NONE

**PROCEEDINGS:**        **(IN CHAMBERS)**

On March 9, 2016, plaintiff filed a Motion to Compel production of documents from defendant HACLA ("Motion" or "Mot."), arguing that one of the documents that had been produced (HACLA-142 to HACLA-143), which consisted of two fully redacted pages, should be produced in its unredacted form.  (See Mot. Ex. C2-C3). Plaintiff argues, in part, that defendant waived the attorney client privilege asserted by defendant with respect to that document when it provided that document to a third party, HUD.  (Mot. at 3-4).

On March 18, 2016, defendant filed an Opposition to the Motion consisting of the Declaration of defendant's attorney, Joseph L. Stark, with attached exhibits ("Stark Decl.").  (Dkt. No. 63).  Mr. Stark states that on February 1, 2016, plaintiff sent Mr. Stark an email inquiring about the redacted documents that had been produced. (Stark Decl. at 3, Ex. B).  On that same date, Mr. Stark replied to plaintiff that two of the four pages that had been redacted "constituted an attorney client communication that was inadvertently sent by my client to HUD and later withdrawn."  (Stark Decl. at 3, Ex. C).  On March 1, 2016, plaintiff sent another email to Mr. Stark, specifically asking about redacted pages HACLA-142 to HACLA-143 of defendant's production. (Stark Decl. at 3, Ex. D).  Mr. Stark replied on the same date, explaining that those two pages consisted of the memorandum between himself and his clients ("Original Memorandum"), sent as a status update only to his clients, which one of his clients, Angela Adams, Assistant Director of Section 8, inadvertently sent to HUD, after HUD "asked her to provide information regarding Mr. Volis' various lawsuits, including this one." (Stark Decl. at 3, Ex. E).  Mr. Stark states that when the error was discovered, a "separate memorandum specifying the same facts and circumstances but without the advice and direct communication . . . shared with [his] clients, was prepared and delivered to HUD and [HUD was] asked to return the original" ("Revised Memorandum").  (Stark Decl. Ex. E).  When HUD found no merit to plaintiff's complaints and closed its file, Mr. Stark requested a copy of the investigative file.  (Stark Decl. at 3).  When he received the file, he found that the Original Memorandum was still in it, and was then "forced to redact that attorney client privileged material" when he produced a copy of that investigative report to plaintiff.  (Stark Decl. at 3-4, Ex. E).  Mr. Stark represents that the Original Memorandum is "solely a memorandum which Ms. Adams inadvertently shared with an investigating federal agency without recognizing the fact that the memorandum was an attorney client communication," and plaintiff is not prejudiced "in the least"  by defendant's assertion of privilege, as the same factual information contained

in the Original Memorandum was supplied to HUD in the Revised Memorandum and referenced by HUD in its investigation summary; the Revised Memorandum also was produced to plaintiff in its entirety at HACLA-139 to HACLA-140. (Stark Decl. at 3-4 & Ex. F).

On March 25, 2016, plaintiff filed a Reply to the Stark Declaration ("Reply"). In his Reply, plaintiff argues that there is contradictory information in the documents and in Mr. Stark's Declaration regarding the "timeline." (Reply at 1-2). He notes that HACLA-141, which seems to "accompany" the Original Memorandum at HACLA-142 to HACLA-143, appears to indicate that the Original Memorandum was provided to HUD Senior Investigator Cozena Shelton on June 29, 2015, while the Revised Memorandum at HACLA-139 to HACLA-140, was dated April 27, 2015 -- two months *earlier*. (Reply at 1-2 (citing Exs. A-A2, B-B2). Yet, he points out, Mr. Stark contends in his Declaration that the Original Memorandum was sent to HUD "long *before* the REVISED" Memorandum was emailed to Angela Adams by Mr. Stark. (Reply at 2 (emphasis added)). He argues that this alleged date discrepancy, as also reflected in HACLA-138 and HACLA-141, demonstrates that defendant has "misled the Court and the plaintiff as to when and what order in the timeline the questioned Memorandum documents were emailed and provided to HUD-FEHO in an investigation against the HACLA Defendants." (Reply at 3). In his Declaration, Mr. Stark did not address any specific dates for the described events, or otherwise explain the notations on the documents produced at HACLA-138 and HACLA-141.

Based on the foregoing, additional information is needed to determine the issue of whether there has been a waiver of the attorney client privilege. **No later than April 7, 2016**, (1) Mr. Stark shall provide a Supplemental Declaration, **signed under penalty of perjury**, setting forth **all of the dates** for the events described in his March 8, 2016, Declaration,[1] as well as a detailed explanation regarding HACLA-138 and HACLA-141 and the notations included on those documents; (2) **Ms. Adams shall provide a Declaration, signed under penalty of perjury**, explaining in detail and **including all dates**, her actions with regard to the production of the Original Memorandum to HUD, and any subsequent contact she had with HUD regarding the production of the Original Memorandum and any request to return the Original Memorandum; and (3) defendant shall provide a Supplemental Memorandum of Points and Authorities, **no more than 3 pages in length**, with relevant case

---

[1] This includes, but is not limited to (1) the date Mr. Stark prepared the Original Memorandum; (2) the date the Original Memorandum was sent to Mr. Stark's clients; (3) the date Angela Adams sent the Original Memorandum to HUD; (4) the date Mr. Stark learned the Original Memorandum had been sent to HUD: (5) the date Mr. Stark instructed Ms. Adams to contact HUD and request that the Original Memorandum be returned; (6) the date HUD was informed of the inadvertent production and asked to return the document; (7) the name of the individual who contacted HUD to inform it of the inadvertent production and who asked for the return of the document; (8) the date Mr. Stark prepared the Revised Memorandum; (9) the date the Revised Memorandum was sent to HUD; (10) the date HUD closed its investigative file; (11) the date Mr. Stark requested a copy of HUD's investigative file; and (12) the date Mr. Stark received a copy of HUD's investigative file.

authority and analysis, in support of its argument that the attorney client privilege was not waived as a result of the disclosure of the Original Memorandum to HUD.  **No later than April, 14, 2016**, plaintiff may provide a Supplemental Reply if he believes one is warranted, **no more than 3 pages in length**, addressing **only** the issues raised in (1) Mr. Stark's Supplemental Declaration; (2) Ms. Adams' Declaration; and/or (3) defendant's Supplemental Memorandum of Points and Authorities.

The hearing scheduled for April 12, 2016, is taken **off calendar**.


cc:     Richard J. Volis, in pro per
        Joseph L. Stark, Esq.


Initials of Deputy Clerk _____ ch _____