

Joseph L. Stark and Associates
25129 The Old Road Suite 300
Stevenson Ranch, CA 91381
T: (661) 799-1880
F: (661) 799-1881
 Joseph L. Stark - State Bar No. 116261

Attorneys For: Defendants, DOUGLAS GUTHRIE, PETER LYNN, ANGELA ADAMS, JOSEPH NGUYEN, JOHN KING, BLANCA MACRIS, SANDRA CHAVEZ, in their capacity of employees of HOUSING AUTHORITY OF THE CITY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RICHARD J. VOLIS,                               )        Case Number: 2:2014CV08747 DDP (PLAx)
                                                )
                          Plaintiffs,           )
                                                )        MEMORANDUM OF POINTS AND
    v.                                          )        AUTHORITIES IN OPPOSITION TO
                                                )        PLAINTIFF'S MOTION TO COMPEL
                                                )        PRODUCTION OF DOCUMENTS;
HOUSING AUTHORITY OF THE CITY OF LOS)            DECLARATION OF ANGELA ADAMS;
ANGELES (HACLA) PERSONNEL/EMPLOYEES;)            DECLARATION OF JOSEPH L. STARK
DOUGLAS GUTHRIE, PETER LYNN, ANGELA)
ADAMS, JOSEH NGUYEN, JOHN KING, BLANCA)
MACRIS, SANDRA CHAVEZ,                          )        DATE:  April 11, 2016
                                                )        TIME:  10:00 a.m.
                          Defendants            )        PLACE: Room 3

1.    **INTRODUCTION**

    The issue before this court is whether the inadvertent submission of a privileged document (to wit: An email evaluation by counsel) to a federal agency (HUD) in the course of an investigation that ultimately concluded with a finding of no good cause, waives the attorney client privilege.  Defendant submits that it does not.

2.    **THE PRIVILEGE IS NOT WAIVED BY INADVERTENT**

      **DISCLOSURE**

    Federal Rules of Evidence Rule 502 speaks directly to this point at subsection b where it states:

Joseph L. Stark & Associates
25129 The Old Road Suite 300
Stevenson Ranch, CA 91381
V: 661.799.1880|F: 661.799.1881

**b)** **Inadvertent Disclosure.** When made in a federal proceeding or to a federal office or agency, the disclosure does not operate as a waiver in a federal or state proceeding if:

**(1)** The disclosure is inadvertent;

**(2)** The holder of the privilege or protection took reasonable steps to prevent disclosure; and

**(3)** The holder promptly took reasonable steps to rectify the error, including (if applicable) following **Federal Rule of Civil Procedure 26** (b)(5)(B).

In this instance, as set forth in the attached Declarations, the original request from HUD for the disclosure of attorney client privileged materials was sidestepped and Defendant successfully persuaded the agency to accept, instead of the privileged document, a summary memorandum prepared to provide the same information without the privileged content.   This was presented to HUD via email.

However subsequently, after the investigator indicated that she had not received (or could not find) the original submission, a second copy of the summary memorandum *as well as (inadvertently) the privileged document* were sent to Ms. Shelton.

This error was not even discovered until <u>after</u> HUD had completed its investigation, held that there was no cause to pursue the matter any further and closed its files.  It was only upon the routine request to receive a copy of the HUD file materials that HACLA even discovered this error.

Now, <u>Plaintiff</u> is attempting to capitalize upon the inadvertent submission of a privileged document to a federal investigatory agency by claiming that HACLA waived its attorney client privilege as to him.  But for the meritless HUD Complaint filed by the Plaintiff in the first instance, this never would have occurred.

//

//

Joseph L. Stark & Associates
25129 The Old Road Suite 300
Stevenson Ranch, CA 91381
V: 661.799.1880| F: 661.799.1881

2

Joseph L. Stark & Associates
25129 The Old Road Suite 300
Stevenson Ranch, CA 91381
V: 661.799.1880 | F: 661.799.1881

1    In substance, Plaintiff is seeking discovery of a privileged document which was <u>never</u>
2  <u>disclosed to him and never disclosed in the course of this litigation</u> which was inadvertently sent
3  to the investigator in a frivolous investigation that he propitiated.  To render the matter even
4  more remote, the only reason that document is even in controversy is because <u>HACLA</u> undertook
5  to obtain the HUD file at its own expense and on its own cognizance and then voluntarily
6  produced a copy of the file to Mr. Volis.

7    This is unquestionably the paradigm of the maxim that no good deed goes unpunished.
8  Taking the elements of FRE 502(b) in order, HACLA's disclosure was clearly inadvertent.
9  Significant efforts had been undertaken to avoid the disclosure including drafting of a specific
10 memorandum instead and obtaining the consent of HUD to accept same in lieu of the privileged
11 document they requested.

12    There was no means of addressing the disclosure inasmuch as HUD had closed its file
13 before it was even discovered that a copy of the privileged document was in the file.  HACLA took
14 immediate action to address this when it was discovered by asserting the attorney client privilege
15 to Mr. Volis' discovery and producing a redacted copy of the document.

16    Lastly, there is absolutely no prejudice to Mr. Volis by upholding the privilege.  One
17 hundred percent (100%) of the factual information that was in the privileged document was
18 contained in the unprivileged memorandum originally sent to HUD.  The only elements removed
19 were the assessments and mental impressions and advice of counsel.

20        3.    **CONCLUSION**

21    Respectfully, the Plaintiff should not be permitted to take advantage of an inadvertent
22 submission of a single document to a federal investigatory agency that never would have
23 occurred but for his own frivolous complaint to that agency.  HACLA never produced the
24 privileged document to anyone in litigation and took the only available action by objecting to its
25 disclosure when first it had the opportunity to do so.

26

27 //

28 //

3

1    The Plaintiff's Motion should be denied.

2

3    DATED: April 7, 2016

4                                        JOSEPH L. STARK & ASSOCIATES

5

6                                        By: _____

7                                             JOSEPH L. STARK
                                         Attorneys For: Defendants, DOUGLAS GUTHRIE, PETER LYNN,
8                                        ANGELA ADAMS, JOSEPH NGUYEN, JOHN KING, BLANCA
                                         MACRIS, SANDRA CHAVEZ, in their capacity of employees of
                                         HOUSING AUTHORITY OF THE CITY OF LOS ANGELES

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joseph L. Stark & Associates
25129 The Old Road Suite 300
Stevenson Ranch, CA 91381
V: 661.799.1880 | F: 661.799.1881

**Joseph L. Stark and Associates**
25129 The Old Road Suite 300
Stevenson Ranch, CA 91381
T: (661) 799-1880
F: (661) 799-1881
Joseph L. Stark - State Bar No. 116261

Attorneys For: Defendants, DOUGLAS GUTHRIE, PETER LYNN, ANGELA ADAMS, JOSEPH NGUYEN, JOHN KING, BLANCA MACRIS, SANDRA CHAVEZ, in their capacity of employees of HOUSING AUTHORITY OF THE CITY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. VOLIS,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>HOUSING AUTHORITY OF THE CITY OF LOS) ANGELES (HACLA) PERSONNEL/EMPLOYEES;) DOUGLAS GUTHRIE, PETER LYNN, ANGELA) ADAMS, JOSEH NGUYEN, JOHN KING, BLANCA) MACRIS, SANDRA CHAVEZ,<br><br>　　　　　　Defendants | Case Number: 2:2014CV08747 DDP (PLAx)<br><br>DECLARATION OF ANGELA ADAMS RE: DISCOVERY<br><br>DATE: April 11, 2016<br>TIME: 10:00 a.m.<br>PLACE: Room 3 |

I, ANGELA ADAMS, DECLARE AS FOLLOWS:

I am a competent adult over the age of 18. I am, and for the relevant period have been, the assistant director of Section 8 for the Housing Authority of the City of Los Angeles. I have personal knowledge of the facts set forth in this Declaration and if called upon to do so I would testify as follows:

On March 19, 2015, I received an email report from HACLA's counsel regarding the status of this matter and the failure of the court's settlement efforts in this case. I had attended the settlement conference on behalf of HACLA.

On April 24, 2015, I received a telephone call from Ms. Cozena Shelton, the investigator handling Mr. Volis' HUD complaint against HACLA. Ms. Shelton inquired about the status of

1

1   Mr. Volis' various lawsuits and how HACLA had been responding.  I provided her with some

2   factual information from the March 19th email from Mr. Stark.  Ms. Shelton then asked that I

3   provide her (Shelton) with a copy of the March 19th email from Mr. Stark.

4        That evening, I emailed Mr. Stark about Ms. Shelton's request.  Mr. Stark informed me

5   that the March 19, email would constitute an attorney client communication and that he would

6   prepare a formal memorandum containing all the same facts but omitting the attorney client

7   materials for submission to Ms. Shelton in lieu of the March 19th email.

8        On April 27, 2015, I received the memorandum of that date from Mr. Stark.  I then

9   transmitted that memorandum to Ms. Shelton on that date (See Exhibit B).  Ms. Shelton was

10  asked to accept that April 27 memorandum in lieu of the March 19th Attorney Client email and

11  she agreed.

12       On or about June 29, 2015, I believe that Ms. Shelton contacted me and I understood her

13  to indicate that she had not received the email I had sent on April 27. HACLA is governed by HUD

14  and I have always considered it imperative to respond as quickly and completely as possible when

15  I receive a request from HUD. I immediately emailed a second copy of the April 27 Memorandum

16  and, inadvertently, a copy of the March 19, 2015 attorney client email. A true and correct copy

17  of the transmitting emails are attached as Exhibit C.

18       Subsequently, HUD closed its file with no action and a finding of no cause. I was unaware

19  of this issue until I searched my emails in response to this court's current order. It was not my

20  intention to produce any privileged documents to HUD. The transmission of the March 19th email

21  was merely an error. It was not my intention to waive any privilege that might attach to that

22  document.

23       I declare under penalty of perjury under the laws of the State of California that the

24  foregoing is true and correct.

25  Executed this ____ day of April, 2016 at Stevenson Ranch, California.

26

27

28

                    ANGELA ADAMS
                        Declarant
                            2

Joseph L. Stark & Associates
25129 The Old Road Suite 300
Stevenson Ranch, CA 91381
V: 661.799.1880|F: 661.799.1881

# EXHIBIT  B

**From:**              Joe Stark
**Sent:**              Monday, April 27, 2015 9:43 AM
**To:**                Angela Adams
**Subject:**           Re: Richard Volis v. HACLA
**Attachments:**       volis.docx; ATT00001.htm

**Follow Up Flag:**    Follow up
**Flag Status:**       Flagged

here you go.

sorry for the delay.

# EXHIBIT  C

**From:** Angela Adams
**Sent:** Monday, June 29, 2015 10:45 AM
**To:** 'cozena.shelton@hud.gov' <cozena.shelton@hud.gov>
**Subject:** FW: Richard Volis v. HACLA


**Ms. Angela N. Adams, CSM, USA, Ret.**
**Assistant Director of Section** 8
The Housing Authority of the City of Los Angeles
2600 Wilshire Blvd, 5th Floor
Los Angeles, California 90057
Office (213) 252-2690 , Fax (213) 252-2650
Angela.Adams@hacla.org

*"The More We Give of Anything, The More We Will Get Back". – Grace Speare*

**From:** Joe Stark [mailto:jls@legalkix.com]
**Sent:** Thursday, March 19, 2015 8:38 AM
**To:** Janelle Howard; Angela Adams; Blanca Macris; Carlos VanNatter; craig.takenaka@lacity.org; Helen Yun
(Helen.Yun@lacity.org); Patricia Mendoza; Steven McWright; Vardui Anneyan
**Subject:** Richard Volis v. HACLA

**From:** Angela Adams
**Sent:** Monday, June 29, 2015 10:38 AM
**To:** 'cozena.shelton@hud.gov' <cozena.shelton@hud.gov>
**Subject:** FW: Richard Volis v. HACLA

FYI

**Ms. Angela N. Adams, CSM, USA, Ret.**
**Assistant Director of Section 8**
The Housing Authority of the City of Los Angeles
2600 Wilshire Blvd, 5th Floor
Los Angeles, California 90057
Office (213) 252-2690 , Fax (213) 252-2650
Angela.Adams@hacla.org

*"The More We Give of Anything, The More We Will Get Back". – Grace Speare*

**From:** Joe Stark [mailto:jls@legalkix.com]
**Sent:** Monday, April 27, 2015 9:43 AM
**To:** Angela Adams
**Subject:** Re: Richard Volis v. HACLA

here you go.

sorry for the delay.

1  **Joseph L. Stark and Associates**
   25129 The Old Road Suite 300
2  Stevenson Ranch, CA 91381
   T: (661) 799-1880
3  F: (661) 799-1881
   Joseph L. Stark - State Bar No. 116261
4
   Attorneys For: Defendants, DOUGLAS GUTHRIE, PETER LYNN, ANGELA ADAMS, JOSEPH NGUYEN,
5  JOHN KING, BLANCA MACRIS, SANDRA CHAVEZ, in their capacity of employees of HOUSING
   AUTHORITY OF THE CITY OF LOS ANGELES
6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  RICHARD J. VOLIS,                    )     Case Number: 2:2014CV08747 DDP (PLAx)
                                         )
12               Plaintiffs,             )
                                         )
13      v.                               )     DECLARATION OF JOSEPH L. STARK RE:
                                         )     DISCOVERY
14                                       )
    HOUSING AUTHORITY OF THE CITY OF LOS )
15  ANGELES (HACLA) PERSONNEL/EMPLOYEES;) DATE:  April 11, 2016
    DOUGLAS GUTHRIE, PETER LYNN, ANGELA )  TIME:  10:00 a.m.
16  ADAMS, JOSEH NGUYEN, JOHN KING, BLANCA) PLACE: Room 3
    MACRIS, SANDRA CHAVEZ,               )
17                                       )
                     Defendants          )
18  _____)

19              I, JOSEPH L. STARK, DECLARE AS FOLLOWS:

20          That I am an attorney duly licensed to practice law in all the courts of the State of

21  California and am the attorney of record for Defendants, DOUGLAS GUTHRIE, PETER LYNN,

22  ANGELA ADAMS, JOSEPH NGUYEN, JOHN KING, BLANCA MACRIS, SANDRA CHAVEZ, in their

23  capacity of employees of HOUSING AUTHORITY OF THE CITY OF LOS ANGELES. As such, I am

24  familiar with the files and proceedings in this matter and if called upon to testify to the facts

25  stated below could competently do so.

26          On March 19, 2015, I prepared an email report to my clients regarding the status of this

27  matter and the failure of the court's settlement efforts.  A true and correct copy of the header

28  of that document is attached hereto as Exhibit A.  This is the document that has been redacted

                                        1

Joseph L. Stark & Associates
25129 The Old Road Suite 300
Stevenson Ranch, CA 91381
V: 661.799.1880| F: 661.799.1881

1   in our production of documents and Bates numbered 142 and 143.

2         On April 24, 2015 (a Friday) at 5:22 p.m., I received an email from Angela Adams, the

3   Assistant Director of Section 8, that she had been requested by Cozena Shelton, the investigator

4   handling Mr. Volis' HUD complaint, to provide her (Shelton) with a copy of my March 19, 2015

5   email which Ms. Adams had mentioned in a conversation with Shelton.

6         That evening, I advised Ms. Adams that the March 19, email would constitute an attorney

7   client communication and that I would prepare a formal memorandum containing all the same

8   facts but omitting the attorney client materials.

9         On April 27, 2015, I delivered the memorandum of that date to Ms. Adams via email.  She

10  apparently transmitted that memorandum to Ms. Shelton on that date (See Exhibit B).  It was

11  requested that Ms. Shelton accept that April 27 memorandum in lieu of the March 19th Attorney

12  Client email and she agreed.

13        I believed the matter was resolved at that time.  In investigating the court's observations

14  as to the dates of HUD's apparent receipt of the redacted pages 142-143 after my April 27

15  Memorandum, I first discovered that on or about June 29, 2015, Ms. Adams  believing that she

16  had not sent Ms. Shelton the required documentation as requested, emailed a second copy of

17  the April 27 Memorandum (which Shelton had already received) *and* a copy of the March 19,

18  2015 attorney client email.  A true and correct copy of the transmitting emails are attached as

19  Exhibit C.

20        When I set forth the information in my original declaration, I was only aware of the

21  request by Shelton for the March 19, 2015 attorney client email (Ex. A) and our substitution of

22  the April 27 Memorandum to avoid disclosure of the Attorney Client materials.  When I received

23  the HUD investigative files, I observed the March 19th email in the materials and assumed that it

24  had been inadvertently left in the file after we sent the April 27th Memorandum to replace it.  I

25  was unaware that the March 19th attorney client email (Bates 142-143) or any other documents

26  had been sent on June 29, 2015 by Ms. Adams in error.

27        By the time I discovered the existence of the March 19th email within the HUD

28  investigative file, the matter had been closed with a finding of no cause to proceed.  We

2

Joseph L. Stark & Associates
25129 The Old Road Suite 300
Stevenson Ranch, CA 91381
V: 661.799.1880 | F: 661.799.1881

1  requested a copy of the investigative file as a matter of course.   Mr. Volis did not.  Mr. Volis

2  requested a copy of that material in his discovery to HACLA. He did not seek the original file from

3  HUD. Believing in good faith that the inclusion of the March 19 email was an error by HUD under

4  the above circumstances, I redacted that document when producing it to Mr. Volis  in the

5  interests of preserving the Attorney-Client Privilege.

6       All of the same factual information from the March 19th email (Bates 142-143) is contained

7  in the April 27 Memorandum.  The only omissions are comments to my clients regarding strategy

8  and tactics in handling the litigation.  Mr. Volis is not in any way prejudiced by being denied access

9  to those comments.  I would be happy to file the full March 19 email with the court for in camera

10  review under seal if so requested.

11       I declare under penalty of perjury under the laws of the State of California that the

12  foregoing is true and correct.

13       Executed this _7th_ day of April, 2016 at Stevenson Ranch, California.

14

15                                              _____

16                                              JOSEPH L. STARK
                                               Declarant

17

18

19

20

21

22

23

24

25

26

27

28

3

# EXHIBIT   A

**From:**     Joe Stark
**Sent:**     Thursday, March 19, 2015 8:38 AM
**To:**      Janelle Howard; Angela Adams; Blanca Macris (Blanca.Macris@hacla.org);
        Carlos VanNatter (carlos.vannatter@hacla.org); craig.takenaka@lacity.org;
        Helen Yun (Helen.Yun@lacity.org); Patricia Mendoza; Steven McWright
        (steven.mcwright@hacla.org); Vardui Anneyan
**Subject:**    Richard Volis v. HACLA

# EXHIBIT   B

**From:**              Joe Stark
**Sent:**              Monday, April 27, 2015 9:43 AM
**To:**                 Angela Adams
**Subject:**           Re: Richard Volis v. HACLA
**Attachments:**      volis.docx; ATT00001.htm

**Follow Up Flag:**       Follow up
**Flag Status:**          Flagged

here you go.

sorry for the delay.

EXHIBIT   C

**From:** Angela Adams
**Sent:** Monday, June 29, 2015 10:45 AM
**To:** 'cozena.shelton@hud.gov' <cozena.shelton@hud.gov>
**Subject:** FW: Richard Volis v. HACLA

**Ms. Angela N. Adams, CSM, USA, Ret.**
**Assistant Director of Section 8**
The Housing Authority of the City of Los Angeles

2600 Wilshire Blvd, 5th Floor
Los Angeles, California 90057
Office (213) 252-2690 , Fax (213) 252-2650
Angela.Adams@hacla.org

*"The More We Give of Anything, The More We Will Get Back". – Grace Speare*

**From:** Joe Stark [mailto:jls@legalkix.com]
**Sent:** Thursday, March 19, 2015 8:38 AM
**To:** Janelle Howard; Angela Adams; Blanca Macris; Carlos VanNatter; craig.takenaka@lacity.org; Helen Yun
(Helen.Yun@lacity.org); Patricia Mendoza; Steven McWright; Vardui Anneyan
**Subject:** Richard Volis v. HACLA

**From:** Angela Adams
**Sent:** Monday, June 29, 2015 10:38 AM
**To:** 'cozena.shelton@hud.gov' <cozena.shelton@hud.gov>
**Subject:** FW: Richard Volis v. HACLA

FYI

**Ms. Angela N. Adams, CSM, USA, Ret.**
**Assistant Director of Section 8**
The Housing Authority of the City of Los Angeles

2600 Wilshire Blvd, 5th Floor
Los Angeles, California 90057
Office (213) 252-2690 , Fax (213) 252-2650
Angela.Adams@hacla.org

*"The More We Give of Anything, The More We Will Get Back". – Grace Speare*

**From:** Joe Stark [mailto:jls@legalkix.com]
**Sent:** Monday, April 27, 2015 9:43 AM
**To:** Angela Adams
**Subject:** Re: Richard Volis v. HACLA

here you go.

sorry for the delay.

**PROOF OF SERVICE**
1013A (3) CCP Revised 1/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action: my business address is 25129 The Old Road Suite 300, Stevenson Ranch, CA 91381

     On April 7, 2016, I served the foregoing document described as MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS; DECLARATION OF A. ADAMS; DECLARATION OF J. STARK  on THE INTERESTED PARTIES in this action
by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.
_X_ by placing     the original     _X_ a true copy thereof enclosed in sealed envelopes addressed as follows:

Richard J. Volis
Post Office Box 921021
Sylmar, CA 91392

**BY FACSIMILE** to the facsimile numbers above

_X_ **BY MAIL**

     I deposited such envelope in the mail at Stevenson Ranch, California.  The envelope was mailed with postage thereon fully prepaid.

     _X_ I caused such envelope to be deposited in the mail at Stevenson Ranch, California.  The envelope was mailed with postage thereon fully prepaid.

     I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.  Executed on April 7, 2016, at Stevenson Ranch, California.

**BY PERSONAL SERVICE** I delivered such envelope by hand to the offices of the addressee.
Executed on , at Stevenson Ranch, California.

_X_     (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Maria McKnight _____      _____
     **Type or Print Name**                              **Signature**